UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARTISMON DIJUAN HAWKINS,

    Plaintiff,

v.                              Case No. 3:22cv2727-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff, Artismon Hawkins, proceeding *pro se*, initiated this action when he was a pre-trial detainee[1] by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail (the "Jail"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has completely failed to respond to this Court's orders requiring him to file a second amended complaint, the

---

[1] Since filing this action, Plaintiff has been released from the Jail. ECF Doc. 10 (notice of change of address).

undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with an order of the Court.

On April 19, 2022, the Court screened Plaintiff's amended complaint[2] and determined it failed to state a claim for relief. ECF Doc. 11. Namely, Plaintiff's only defendant, the Jail, was not a proper defendant. *Id*. at 4. Also, Plaintiff's allegations, which state in their entirety, "Jail living conditions inhumane, black mold, inadequate air ventilation, building leaks, water issues, sewage pipes leaking from toilets," violated Federal Rule of Civil Procedure 8 and did not rise to the level of a constitutional violation. *Id*. at 6-7. As such, the Court ordered Plaintiff to, within twenty-one (21) days, file a second amended complaint or, alternatively, a notice of voluntary dismissal. *Id*.

Plaintiff was advised his failure to comply with the Order as instructed may result in a recommendation this case be dismissed for failure to prosecute or failure to comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply. *Id*. Thus, on May 17, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 12. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

---

[2] The Court did not screen Plaintiff's initial complaint because it was not on the Court's required forms. Plaintiff amended his complaint to comply with the procedural requirements in the Court's Local Rules, ECF Doc. 3, and the Court screened Plaintiff's amended complaint, ECF Doc. 4.

Case No. 3:22cv2727-MCR-HTC

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv2727-MCR-HTC